IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZAN GREEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-1498-N |
| | § | |
| JPMORGAN CHASE BANK, N.A., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This Order addresses Plaintiff Zan Green's ("Green") motion to remand and for attorneys' fees [4]. Because Defendant JPMorgan Chase's ("JPMorgan") removal was proper under 28 U.S.C. § 1441 and 28 U.S.C. § 1446, the Court denies Green's motion.

### I. ORIGINS OF GREEN'S MOTION TO REMAND

Green brought suit in state court against various defendants, including JPMorgan, on June 28, 2011. *See* Pl.'s Original Compl. [1-1]. In her complaint, Green seeks to quiet title to property located in Dallas County, *see id.* at ¶ 11,[1] and alleges, with regard to the property at issue, that (1) Defendants violated her state and federal due process rights and federal equal protection right; (2) Defendants do not have standing to foreclose; (3) Defendants wrongfully attempted to foreclose; (4) JPMorgan and at least one other Defendant violated the Texas Debt Collection Practices Act ("TDCPA"), TEX. FIN. CODE § 392.001, *et seq.*, and Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692a-p; (5) certain of the Defendants were negligent with respect to maintaining mortgage loan documents; (6)

---

[1]The property is Green's home, 9110 Esplanade Drive, Dallas, Texas 75220. *See id.* at ¶¶ 3, 11.

ORDER – PAGE 1

Defendants are liable for common law fraud, statutory fraud, and fraud by misrepresentation; (7) the Texas usury law prevents Defendants from accelerating her promissory note; and (8) Defendants intentionally inflicted emotional distress upon her, *see id.* at ¶¶ 69-223.

JPMorgan removed the case on July 7, 2011 on federal question grounds based on Green's claims under the FDCPA. *See* JPMorgan Notice of Removal 3 [1]. JPMorgan avers that, according to state court records, Green had served only it and Washington Mutual Bank ("WMB") at the time of removal. *See id.* at 2. Though WMB did not consent to removal, JPMorgan alleged that WMB was an improper defendant, and, as such WMB need not have consented to removal. *See id.* All other Defendants, however, consented on July 19, 2011. *See* Defs.' Consent to Removal [5].

Green now moves to remand, arguing first that the Court does not have subject matter jurisdiction over the case because (1) the case does not exclusively involve a federal question, (2) the United States is not a party, and (3) the parties are not diverse. *See* Pl.'s Mot. to Remand 6 [4]. Green also argues that JPMorgan's notice of removal was procedurally defective because Green had served all Codefendants at the time JPMorgan removed, and JPMorgan did not obtained the Codefendant's consent. *See id.* at 8. In the alternative, Green asks the Court to remand all "separate and independent" state law claims and abstain from ruling on Green's federal claims under *Younger v. Harris*, 401 U.S. 37 (1971), and the *Rooker-Feldman* doctrine. *See id.* at 9-12.

## II. JPMORGAN PROPERLY REMOVED THE CASE, AND REMAND OF GREEN'S STATE LAW CLAIMS IS IMPROPER

### A. The Court Has Removal Jurisdiction Pursuant to 28 U.S.C. §§ 1441(a), (b)[2]

A defendant may remove a state court suit only if the action originally could have been brought in federal court. 28 U.S.C. § 1441(a). The removing defendant bears the burden of establishing federal jurisdiction. *E.g., Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998). The Court must determine whether jurisdiction exists by considering the claims in the plaintiff's state court petition as it existed at the time of removal. *E.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). However, "[b]ecause removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

In this case, JPMorgan removed the case on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331[3] and § 1441(a), (b). *See* JPMorgan Notice of Removal 3. Under the removal statute, 28 U.S.C. § 1441(a), "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the . . . laws of the United States shall be removable without regard to the citizenship or residence of the parties." In her original complaint – the complaint in place at the time JPMorgan removed the case –

---

[2]The Court notes that on December 7, 2011, the President signed into law the "Federal Courts Jurisdiction and Venue Clarification Act of 2011" which amended Chapter 28 of the United States Code. *See* 28 U.S.C. § 1, *et seq.* However, the Court will cite to, and apply, Chapter 28 as it existed at the time JPMorgan removed and Green moved to remand.

[3]"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Green alleged that JPMorgan violated the FDCPA, 15 U.S.C. § 1692, *et seq.*, a federal statute.[4]  Accordingly, the Court has removal jurisdiction over Green's FDCPA claim.

Once a federal court has "proper jurisdiction of a removal claim, it may exercise supplemental jurisdiction over state law claims, even if it dismisses or otherwise disposes of the federal claim or claims." *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999) (internal citation omitted); *see also* 28 U.S.C. § 1367(a).  A district court's supplemental jurisdiction "shall [also] include claims that involve the joinder or intervention of additional parties."  28 U.S.C. § 1367(a); *see also Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 556-58 (2005).  Supplemental jurisdiction requires the federal and state claims to be so related to each other that they form the same case or controversy, *see* 28 U.S.C. § 1367(a) – that is, they share a "common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).[5]  If all of the plaintiff's claims, "considered without regard to their federal or state character, [] are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming

---

[4]Green also asserts an FDCPA claim against Defendant Brice, Vander Linden & Wernick, P.C., *see* Pl.'s Compl. at ¶¶ 162-92, and she asserts federal due process and equal protection claims against all Defendants, *see id.* at ¶¶ 82-84.  It is unclear whether she asserts additional federal claims against JPMorgan and its Codefendants – in several places in her complaint she alleges that one or more Defendants "violated various State & Federal laws" or took some action "in violation of State & Federal laws." *See, e.g., id.* at ¶¶ 131-36, 140.

[5]Though decided prior to Congress' amendment of 28 U.S.C. § 1367, federal courts still apply *Gibbs*' standard for supplemental jurisdiction. *See, e.g., Price v. Wolford*, 608 F.3d 698, 702 (10th Cir. 2010); *Voda v. Cordis Corp.*, 476 F.3d 887, 895 (Fed. Cir. 2007); *Wolinsky v. Oak Tree Imaging, LP*, 362 B.R. 770 (S.D. Tex. 2007); *see also* 13D CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER, & RICHARD D. FREER, FEDERAL PRACTICE & PROCEDURE § 3567.1, at 336-41 (3d ed. 2008).

ORDER – PAGE 4

substantiality of the federal issues, there is power in federal courts to hear the whole [case]."
*Id.*

Here, it is clear from Green's complaint that the entire action arises under the "same nucleus of operative facts" – namely, Green's home mortgage and the attempted foreclosure of her home – and that Green would normally be expected to try her state and federal causes of action against all Defendants in one proceeding. Accordingly, because the Court has removal jurisdiction over Green's FDCPA claim, the Court has jurisdiction over Green's state law claims and her claims against JPMorgan's Codefendants.[6]

### B. JPMorgan's Removal Was Procedurally Sound Under 28 U.S.C. § 1446

A defendant must file its notice of removal according to 28 U.S.C. § 1446. This statute requires unanimity among defendants to remove: "[A]ll defendants who are properly joined and served must join in the removal petition, and . . . failure to do so renders the petition defective."[7] *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988) (citations omitted); *see also, e.g., McCrary v. Kan. City S. R.R.*, 121 F. Supp. 2d 566, 570 (E.D. Tex. 2000) ("It has long been the general federal rule that all defendants must join in or consent to removal.") (collecting authorities). For all defendants to join in the removal

---

[6]Subsection 1367(b) limits a federal court's supplemental jurisdiction, *see* 28 U.S.C. § 1367(a); however, since section 1367(b) applies only to diversity of citizenship cases, *see id.*, it is not applicable here. Subsection 1367(c) enumerates four situations in which a district court may decline to hear supplemental claims; the Court addresses this in note 13, below.

[7]The Court notes that a defective notice of removal, or one without the consent of all defendants, constitutes a procedural defect. *See In re Shell Oil Co.*, 932 F.2d 1518, 1521-23 (5th Cir. 1991); *Ross v. City of Lancaster*, 2008 WL 4062082, at *2 (N.D. Tex. 2008) (Fitzwater, C.J.). When a removal defect is procedural, a plaintiff waives objection unless it makes a timely motion to remand, *id.*, as Green did here.

petition, there must be "'some [] filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action'" within the removal period, or thirty days after the removing defendant receives notice of the action. *Gillis v. La.*, 294 F.3d 755, 759 (5th Cir. 2002) (quoting *Getty Oil*, 841 F.2d at 1262 n.11).

JPMorgan received service on June 30, 2011. *See* Def.'s Notice of Removal, App. 4-5, 171-73, 179-81, 187-89 [1-1]. When JPMorgan removed the case, Green had served only it and WMB. *See id.* at 4-5, 167-91. JPMorgan removed without WMB's consent based on its allegation that WMB was an improper party to the suit.[8] *See* Def.'s Notice of Removal 2. Under 28 U.S.C. § 1446, "a removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined." *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007). Accordingly, JPMorgan's removal without WMB's consent was proper.[9]

_____

[8]Green does not contest this point in her response.

[9]Even absent the rule that a removing defendant need not join a codefendant that it *contends* is improperly joined, the Court agrees that JPMorgan's removal without WMB's consent was proper here because WMB was indeed improperly joined. To show that a party was improperly joined, a defendant must demonstrate that (1) the plaintiff fraudulently pled jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action in state court against the allegedly improperly joined defendant. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). In applying prong two of the *Smallwood* test, Courts usually perform a "Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.*

It does not appear that Green can maintain a cause of action against WMB. The parties agree that, on September 8, 2008, the United States Office of Thrift Suspension and the Federal Deposit Insurance Corporation ("FDIC") seized WMB and put it into receivership. *See* Def.'s Notice Removal 2; *cf.* Pl.'s Compl. ¶ 27. Subsequently, JPMorgan acquired WMC's banking assets and the servicing rights to Green's mortgage. *See* Pl.'s Compl. ¶¶ 27-28; Def.'s Resp. 2. Accordingly, JPMorgan, rather than WMB, is the proper

After JPMorgan removed the case, all other Defendants – CTX Mortgage Co., MERSCORP, Inc., Mortgage Electronic Registration Systems, Inc., and Brice, Vander, Linden & Wernick, P.C. – timely consented to removal, *see* Defs.' Consent to Removal, within thirty (30) days of the date JPMorgan received service.[10]  *See Gillis*, 294 F.3d at 759 (all defendants must consent within the removal period, or thirty days after the removing defendant receives notice of the action).   Accordingly, JPMorgan's notice of removal complied with section 1446.

### C. Remand of Green's State Law Claims Is Inappropriate

Though the Court has jurisdiction and JPMorgan properly removed the case, Green urges the Court to remand her state law claims under 28 U.S.C. § 1441(c).  *See* Pl.'s Mot. to Remand 9-11.  Section 1441(c) provides,

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title [, federal question jurisdiction,] is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).

Courts apply the "separate and independent" requirement strictly; "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14 (1951), *superseded by statute on other grounds*;

---

party for Green's claims, not the now-defunct WMB.

[10]The remaining Defendants consented on July 19, 2011.  *See* Defs.' Consent to Removal.

*Tex. v. Walker*, 142 F.3d 813, 817 (5th Cir. 1998) ("[A] case involving the violation of a single primary right or wherein a party seeks redress for one legal wrong cannot contain separate and independent claims, despite multiple theories of liability against multiple defendants.").  In addition, where claims involve "substantially the same facts," they are not separate and independent, *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 104 (5th Cir. 1996) (citing *Addison v. Gulf Coast Contracting Servs.*, 744 F.2d 494, 500 (5th Cir.1984)), and a plaintiff's complaint controls the assessment of whether claims involve the same set of facts, *Am. Fire & Cas. Co.*, 341 U.S. at 14.

As discussed above, all of Green's claims arise out of substantially the same set of facts – facts involving her home mortgage and the attempted foreclosure of such.[11] Accordingly, none of her claims warrant remand.[12]

---

[11]Indeed, under every cause of action Green asserts, she "restates, realleges, reavers[,] and hereby incorporates by reference any and all allegations" from the previous causes of action.  *See* Pl.'s Compl. ¶¶ 69-223.

[12]Green does not argue that the Court should exercise its discretion to decline jurisdiction over certain of her claims under 28 U.S.C. § 1367(c).  Rather, it appears that Green's federal abstention arguments, *see* Pl.'s Mot. to Remand 11-12, relate to her contention that some state claims are "separate and independent," warranting remand. However, to the extent that Green's federal abstention arguments seek to invoke section 1367(c), the Court addresses it here.

> Under section 1367(c),
> The district courts may decline to exercise supplemental jurisdiction over a claim . . . if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  Subsection (c) is discretionary, *see* 28 U.S.C. 1367(c) ("courts *may* decline") (emphasis added), and it permits the Court to remand only claims over which it would not have an independent basis for jurisdiction, such as jurisdiction based on diversity of citizenship or a federal question.  *See Poche v. Tex. Air Corps, Inc.*, 549 F.3d 999 (5th Cir. 2008); WRIGHT, MILLER, COOPER, & FREER, *supra* note 5, at § 3567.3 p. 409.

CONCLUSION

The Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1441(a),

(b); JPMorgan's removal was procedurally sound under 28 U.S.C. § 1446; and Green's state

law claims are not "separate and independent" under 28 U.S.C. § 1441(c).  The Court

therefore denies Green's motion to remand.[13]

_____

There is some debate in the Fifth Circuit as to whether courts should balance the four factors with regard to supplemental claims or whether the presence any one factor within a supplemental claim is sufficient to remand that claim (the latter is the majority view amongst circuit courts).  *See Enochs*, 641 F.3d at 163-66 (Prado, J., dissenting).  Under either test, however, the Court declines, in its discretion, to remand any of Green's claims.  First, her case centers on an alleged attempted wrongful foreclosure and the alleged mishandling of her mortgage – a situation this Court has recently often encountered – and it involves fairly routine claims that do not raise novel issues of state law (quiet title, standing, Texas due process, wrongful foreclosure, TDCPA, negligence, fraud, usury, intentional infliction of emotional distress).  Second, given Green's somewhat unclear claims, *see supra* note 4, it does not appear that any federal or state law claim substantially predominates over Green's FDCPA claim, federal due process and equal protection claims, or her other "various Federal" claims.  The third prong is not applicable, as the Court has not dismissed any of Green's claims at this point.  And the Court does not find this case to have "exceptional circumstances" warranting remand of any claims under prong four.  The common law factors – judicial economy, convenience, fairness, and comity, *see Carnegie-Mellon v. Cohill*, 484 U.S. 343, 350 (1988) –  relevant to the Court's jurisdiction do not favor remand.  Judicial economy strongly favors trying all of Green's claims in one proceeding.  Convenience and fairness are neutral factors, as the Court would remand the case to state court in the same city in which it sits, and the parties would receive a fair trial in either court.  Comity may slightly favor remand (as Texas has an interest in applying its own law); however, the interest is not great since the law relevant to this case is not novel or complex, and it is certainly not great enough to overcome the strong judicial economy factor.  (The Court notes that though the Fifth Circuit may require it to analyze the common law factors separately, it may also consider them under section 1367(c)(4).  *Compare Enochs*, 641 F.3d at 158-60 (analyzing the common law factors separately) *with Wolinsky*, 362 B.R. 780-82 (applying the common law factors under section 1367(c)(4))).

Since the Court chooses to exercise jurisdiction over Green's supplemental claims, it need not address Green's abstention arguments based on *Younger*, 401 U.S. 37, and the *Rooker-Feldman* doctrine.  However, the Court notes that neither doctrine would apply to a case such as this.  Rather, abstention based on the Burford line of cases, *see Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), is more likely to apply with regard to section 1367(c)(2).

Signed February 9, 2012.

David C. Godbey
United States District Judge

---

[13]Green also moved for attorneys' fees under 28 U.S.C. § 1447(c) which permits an award of "just costs and any actual expenses, including attorney fees, incurred as a result of improper removal." Because JPMorgan's removal was proper, the Court denies Green's motion for attorneys' fees.

ORDER – PAGE 10