IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZAN E. GREEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-1498-N |
| | § | |
| JPMORGAN CHASE BANK, N.A., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

This Order addresses Defendant Brice, Vander Linden & Wernick, P.C.'s ("BVW") motion for summary judgment [Doc. 82]. The Court grants the motion in part and denies it in part. The Court also dismisses Plaintiff Zan E. Green's claims against the remaining defendants in this case.

### I. THE DISPUTE OVER GREEN'S MORTGAGE

The Court presumes the parties are familiar with the underlying facts of this dispute, which the Court recounted elsewhere. *See* Order, Apr. 8, 2013 [79]. The Court discusses those facts here as they relate to BVW.

BVW was retained by Defendant JPMorgan Chase ("JPMC"), as successor in interest to Washington Mutual Bank, F.A. ("WaMu"). JPMC, the mortgagee by assignment of Green's house (the "Property"), retained BVW to carry out a nonjudicial foreclosure sale on the Property. BVW sent several letters to Green regarding the foreclosure proceedings. In a letter dated January 25, 2011, BVW stated that it represented WaMu, which was, according

ORDER – PAGE 1

to BVW, either the mortgagee or the mortgage servicer of Green's mortgage at that time. Def.'s App. Supp. Mot. Summ. J. [83-1] [hereinafter Def.'s App.], at 12. On February 4, BVW sent Green another letter stating that it represented JPMC. *Id.* at 4. In a third letter, BVW identifies Green's loan by its "Chase Loan Number." *Id.* at 34. In the same mailing, however, BVW also asserted that its client was WaMu. *Id.* at 41.

Green obtained a temporary restraining order preventing BVW from carrying out the foreclosure sale. In her amended complaint,[1] she accuses BVW of violating the Fair Debt Collection Practices Act ("FDCPA") and of negligence. She also seeks to quiet title and requests declaratory and injunctive relief. The Court previously granted summary judgment to JPMC and several other defendants. *See* Order, Apr. 8, 2013. Green has appealed that order, and the appeal is currently pending before the Fifth Circuit. BVW now moves for summary judgment on all claims asserted against it.

## II. STANDARD OF REVIEW FOR MOTIONS FOR SUMMARY JUDGMENT

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of

---

[1] This document [57] is sometimes identified as the "second amended complaint." It is, however, the only amended complaint Green has filed.

the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25. Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Indeed, factual controversies are resolved in favor of the nonmoving party "'only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts.'" *Olabisiomotosho v. City of Hous.*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III. BVW IS ENTITLED TO SUMMARY JUDGMENT ON ALL CLAIMS EXCEPT GREEN'S FDCPA CLAIM

#### A. *The Court Declines to Strike BVW's Evidence*

Green objects to BVW's summary judgment evidence for three reasons, but none of them is availing. First, she maintains that BVW's appendix of evidence is "incomplete and misleading" because BVW "intentionally" or "negligently" failed to include a copy of the January 25, 2011 letter BVW sent to Green. Pl.'s Br. Resp. Mot. Summ. J. [89], at 3. The Court questions whether this is an appropriate reason to strike an appendix, as Green could simply file her own. Assuming, without deciding, that it is, BVW's appendix does indeed contain a letter from BVW to Green bearing the date in question. Def.'s App. 12. The Court therefore overrules this objection to BVW's appendix.

Second, Green objects that the declaration of Sammy Hooda authenticating the evidence in the appendix is improper because it fails to establish Hooda's relationship to BVW or how he came into possession of the documents he purports to authenticate. "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." FED. R. EVID. 901. One way to authenticate a document is through testimony of a person with knowledge of its authenticity. *Id.* at 901(b)(1). The declaration in this case states that Hooda works for Buckley Madole, P.C. Def.'s App. 1. And Buckley Madole is BVW's counsel in this matter. Moreover, Hooda states that he has personal knowledge of the contents of relevant files pertaining to this case maintained at Buckley Madole. *Id.* He declares that the appendix contains true and correct copies of documents in that file. *Id.* at

2. The Court considers the declaration sufficient to authenticate the documents in the appendix.[2]

Finally, Green asks the Court to strike BVW's appendix because BVW filed it in a disorderly fashion. Green is correct that BVW has failed to file the appendix in accordance with Local Rule 7.1(i)(2)–(4), which sets out requirements for appendices. The Court in its discretion declines to strike the appendix in this instance, but it advises BVW and its counsel to abide by the Local Rules in future filings. The Court will thus consider the evidence in BVW's appendix.

### B. Quiet Title

To the extent Green asserts a quiet title claim against BVW, that claim fails. A plaintiff in a quiet title suit must prove that (1) he or she has an interest in a specific property, (2) title to the property is affected by a claim by the defendant or defendants, and (3) the claim, although facially valid, is invalid or unenforceable. *See Bell v. Bank of Am. Home Loan Servicing LP*, No. 4:11-CV-02085, 2012 WL 568755, at *7 (S.D. Tex. Feb. 21, 2012) (citing *U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App. – Houston [1st Dist.] Dec. 30, 2011, no pet.) (mem. op.)). The evidence shows that BVW does not itself have a claim on the Property that affects Green's interest, as it was merely acting on JPMC's behalf. JPMC, not BVW, had the claim. Green therefore cannot prove the second element of her claim. Moreover, the Court previously granted JPMC and

---

[2]The Court notes, furthermore, that Green does not challenge the authenticity of any of the documents in the appendix.

other defendants summary judgment on this claim because the summary judgment evidence shows that Green cannot prove the third element, either. For both of these reasons, the Court awards summary judgment to BVW on this claim.

### C. Negligence

Green's negligence claim against BVW is based on her assertion that the substitute trustee under the deed of trust, Selim Taherzadeh, was a BVW employee.[3] She alleges that BVW failed to exercise due diligence in its actions regarding the foreclosure. The elements of a negligence cause of action are (1) the existence of a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

As a preliminary matter, Green has pointed to no evidence suggesting that BVW, rather than Taherzadeh personally, was a trustee. Even assuming that it was or that it was liable for Taherzadeh's actions, however, a trustee owes neither a fiduciary duty nor a duty of good faith and fair dealing to a mortgager. *F.D.I.C. v. Myers*, 955 F.2d 348, 350 (5th Cir. 1992) (citing Texas law). It is true that a trustee must "act with absolute impartiality and fairness to the grantor in performing the powers vested in him by the deed of trust." *Hammonds v. Holmes*, 559 S.W.2d 345, 347 (Tex. 1977). "This duty is breached when the trustee fails to comply strictly with the terms of the deed of trust or the notice and sale provisions of § 51.002 of the Texas Property Code." *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 708 (N.D. Tex. 2011). All the evidence in the record suggests that

---

[3] Green has not served Taherzadeh with this suit. *See infra* section IV.

Taherzadeh complied with the terms of the deed of trust. Moreover, the relevant property code section sets out the procedures for carrying out a foreclosure sale. Green has not argued, and the evidence does not show, that Taherzadeh violated that section – not least because the foreclosure sale has apparently not occurred. Green has thus not alleged a breach of any duty, even if BVW owed her one.

Furthermore, courts in this District have determined that "[b]reach of the trustee's duty under a deed of trust is not itself an independent tort." *Id.* Rather, a plaintiff must bring a claim for wrongful foreclosure. *Id.* A plaintiff may recover on a wrongful foreclosure claim only if the plaintiff has lost possession of his or her property. *See, e.g.*, *Marquez v. Fed. Nat'l Mortg. Ass'n*, No. 3:10-CV-02040-L, 2011 WL 3714623, at *6 (N.D. Tex. Aug. 23, 2011) ("[T]here can be no recovery for wrongful foreclosure if the mortgagor does not lose possession of the home.") (citing *Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App. – San Antonio 1998, no pet.)); *Baker v. Countrywide Home Loans, Inc.*, No. 3:08-CV-0916-B, 2009 WL 1810336, at *4 (N.D. Tex. June 24, 2009) ("Because recovery is premised upon one's lack of possession of real property, individuals never losing possession of the property cannot recover on a theory of wrongful foreclosure."). Because the sale of the Property has not occurred, any alleged wrongful foreclosure claim must fail. BVW, then, is entitled to summary judgment on Green's negligence claim, even if the Court were to analyze it as a wrongful foreclosure claim.

### D. FDCPA

Green's FDCPA claim is based on the three letters BVW sent her. In the first, BVW stated that it represented WaMu; a week later, it stated in the second that it represented JPMC. Still later, BVW sent a letter identifying Green's creditor as JPMC but also indicating that BVW's client was WaMu. Green asserts that the first and third letters misrepresented the identity of Green's creditor and that this misrepresentation violates the FDCPA. The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. That section further specifies that a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* § 1629e(10). The FDCPA is a strict liability statute. *Walker v. Pharia, LLC*, No. 4:09-CV-369-Y, 2010 WL 565654, at *3 (N.D. Tex. Feb. 18, 2010) (citing *Ross v. RJM Acquisitions Funding LLC*, 480 F.3d 493, 495 (7th Cir. 2007)).

Courts in this Circuit analyze potential deception "under an unsophisticated or least sophisticated consumer standard." *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 495 (5th Cir. 2004). That is, the Court "must assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *See id.*

BVW challenges Green's claim on two grounds. First, it argues that Green "fails to allege that BVW is a debt collector" as required by FDCPA. Def.'s Br. Supp. Mot. Summ.

J. [83] ¶ 24.[4]  A debt collector is, in relevant part, "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). BVW's own appendix includes a letter from BVW to Green stating, in all caps, that "WE ARE A DEBT COLLECTOR." Def.'s App. 34.  As the parties do not address this issue in any further depth, the Court determines that this evidence is sufficient to allow Green's FDCPA claim to survive summary judgment at this point.

Second, Green argues that Green "does not allege any false, deceptive or misleading representation specifically against BVW." Def.'s Br. ¶ 25.[5]  The summary judgment record on regarding this claim is decidedly thin.  It indicates that BVW told Green on at least two occasions that the creditor it was attempting to collect a debt and that the creditor it represented was WaMu.  Green asserts in its briefing that WaMu did not exist at the time BVW said it represented WaMu, but she has introduced no summary judgment evidence on that point.  Likewise, BVW has pointed to no summary judgment evidence that it did indeed represent WaMu when it claimed to do so.  Several courts across the country have determined that "a clearly false representation of the creditor's name may constitute a 'false

---

[4]BVW's argument befits a motion to dismiss, not a motion for summary judgment, as the latter requires the Court to look to evidence, not pleadings.  Even so, however, Green does indeed allege that BVW was a debt collector.  Am. Compl. ¶¶ 24, 36.

[5]Again, a motion for summary judgment requires the Court to look at evidence.  Even so, Green alleges that BVW misidentified Green's creditor in its January 25 letter.  Am. Compl. ¶ 51.

representation . . . to collect or attempt to collect any debt' under Section 1692e." *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 327 (6th Cir. 2012) (quoting 15 U.S.C. § 1692); *see also Hepsen v. J.C. Christensen & Assocs., Inc.*, No. 8:07-CV-1935-T-EAJ, 2009 WL 3064865, at *5 (M.D. Fla. Sept. 22, 2009); *Blarek v. Encore Receivable Mgmt., Inc.*, No. 06-C-0420, 2007 WL 984096, at *15 (E.D. Wis. Mar. 27, 2007). The Court agrees. A debt collector who misidentifies a creditor has used a false representation in connection with the collection of a debt under the plain text of the FDCPA. In the absence of a more developed evidentiary record, the Court cannot conclude that BVW is entitled to summary judgment on this claim.[6] The Court therefore denies BVW's motion as to Green's claim under section 1692e(10).[7]

---

[6] Green argues that the record supports summary judgment in favor of Green on this claim. Pl.'s Br. Resp. Mot. Summ. J. 6. Because she has not moved for summary judgment, however, the Court does not address this issue.

[7] To the extent Green asserted any other FDCPA claims against BVW in her amended complaint, she has apparently abandoned them by not addressing them in response to BVW's motion for summary judgment. *See Hinojosa v. Tarrant Cnty., Tex.*, No. 4:08-CV-315-A, 2009 WL 1309218, at *10 (N.D. Tex. May 5, 2009) (deeming claim waived under similar circumstances), *aff'd sub nom. Cook v. Tarrant Cnty., Tex.*, 372 F. App'x 493 (5th Cir. 2010) (unpub.). Moreover, the summary judgment record does not support any such claim. The Court therefore grants BVW's motion as to any FDCPA claims other than the one addressed above.

### E. *Declaratory and Injunctive Relief*

The Declaratory Judgment Act ("DJA")[8] is a procedural mechanism: it creates no substantive rights. *Lowe v. Ingalls Shipbldg.*, 723 F.2d 1173, 1179 (5th Cir. 1984); *see Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–41 (1937). "Thus, the Act provides no relief unless there is a justiciable controversy between the parties." *Kazmi v. BAC Home Loans Servicing, L.P.*, No. 4:11-CV-375, 2012 WL 629440, at *15 (E.D. Tex. Feb. 3, 2012); *see Turner*, 2011 WL 3606688, at *5 (explaining that DJA is "merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law").

The only actual controversy remaining in this case concerns Green's single FDCPA claim. The remedy for FDCPA violations is monetary and is spelled out in 15 U.S.C. § 1692k. There is no provision for injunctive relief. Although the Fifth Circuit "has not definitively ruled on the issue, courts uniformly hold that the FDCPA does not authorize equitable relief." *Bolin v. Sears Roebuck & Co.*, 231 F.3d 970, 977 n.39 (5th Cir. 2000) (citing cases); *see also, e.g.*, *Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004); *Crawford v. Equifax Payment Servs., Inc.*, 201 F.3d 877, 882 (7th Cir. 2000). The Court agrees. Accordingly, the Court grants summary judgment to BVW on Green's claim for declaratory relief.

---

[8]Removal from state to federal court, in effect, converts a state court declaratory judgment action into one under the DJA. *See, e.g.*, *Turner v. AmericaHomeKey, Inc.*, No. 3:11-CV-0860-D, 2011 WL 3606688, at *5 n.11 (N.D. Tex. Aug. 16, 2011); *Morrice Logistics, Ltd. v. Intransit Inc.*, No. EP-10-CV-417-KC, 2011 WL 1327397, at *4 n.1 (W.D. Tex. Apr. 5, 2011).

### *F. Injunctive Relief*

Green also asks for injunctive relief cancelling any foreclosure sale, restoring title to the Property to her, and enjoining any attempt to transfer or sell her promissory note. To prevail on a claim for injunctive relief in federal court, a plaintiff must show, among other things, "a substantial likelihood of success on the merits." *DSC Commc'ns. Corp. v. DGI Techs, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996). The only claim upon which Green could even conceivably succeed is her FDCPA claim. Again, though, the FDCPA does not allow for equitable relief. *See supra* section III.E. BVW is therefore entitled to summary judgment on Green's claim for injunctive relief.

### IV. THE COURT DISMISSES GREEN'S CLAIMS AGAINST THE REMAINING DEFENDANTS

In her amended complaint, filed on October 29, 2012, Green asserts claims against Taherzadeh; John and Jane Does 1–50; Trusts 1–50; Corporations 1–50; and 9110 Esplanade Drive, Dallas, Texas 75220 (the "Unserved Defendants"). The Court's records include no indication that Green has served these defendants. Federal Rule of Civil Procedure 4(m) provides that a court must dismiss a plaintiff's claims against all defendants a plaintiff has not served within 120 days of filing a complaint. On April 8, 2013, the Court ordered Green to show cause why the Court should not dismiss her claims against the Unserved Defendants under Rule 4(m). *See* Order, April 8, 2013 [81]. Green has failed to do so, or even to respond to the Court's order. The Court therefore dismisses Green's claims against the Unserved Defendants.

## CONCLUSION

The Court grants BVW's motion in part and denies it in part. The Court grants summary judgment to BVW on Green's claims for quiet title, negligence, declaratory relief, and injunctive relief. The Court denies the motion as to BVW's single RESPA claim. Furthermore, the Court dismisses with prejudice all Green's claims against the Unserved Defendants.

Signed August 16, 2013.

_____
David C. Godbey
United States District Judge