IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZAN GREEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-cv-01498-N |
| | § | |
| SELIM TAHERZADEH, in his official | § | |
| Capacity as an agent claiming to represent | § | |
| BUCKLEY VANDER LINDEN & WERNICK, | § | |
| P.C., BUCKLEY VANDER LINDEN & | § | |
| WERNICK, P.C., as alleged Substitute | § | |
| Trustee for JPMORGAN CHASE BANK, | § | |
| NATIONAL ASSOCIATION, | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| JPMORGAN CHASE BANK, N.A., as | § | |
| Alleged Successor-In-Interest to | § | |
| WASHINGTON MUTUAL BANK, F.A., | § | |
| MERSCORP HOLDINGS, INC., | § | |
| MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEMS, INC. | § | |
| ("MERS"); CTX MORTGAGE | § | |
| COMPANY, LLC, et al. | § | |
| | § | |
| Defendants. | § | |

**REPLY BRIEF TO DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Zan Green, submits this Reply Brief to the Response in Opposition (Docs. 122, 123) filed by Defendant Buckley Madole, P.C. f/k/a Brice Vander Linden & Wernick, P.C. ("Buckley") concerning Plaintiff's pending Motion for Summary Judgment (Docs. 120, 121), and states as follows:

**REPLY BRIEF TO DEFENDANT'S RESPONSE
IN OPPOSITION TO PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**                                                        Page 1

## ARGUMENT IN REPLY

**I.   ARGUMENT NO. 1:   Buckley Madole is a "Debt Collector" Under the FDCPA.**

Throughout its Response Brief (Doc. 123), Buckley argues that it is not a debt collector under the Fair Debt Collection Practices Act, because it is not a "debt collector" for purposes of liability under 15 U.S.C. §1692a(6). Buckley argues that its conduct is governed by the less comprehensive provisions of section 1692f, which governs persons whose principal purpose is the enforcement of security interests. (Resp., p. 5)

In support of that argument, Buckley cites heavily to the Fifth Circuit case of *Kaltenbach v. Richards,* 464 F.3d 524 (5th Cir. 2006). In *Kaltenbach,* the Fifth Circuit held that a party's "general, not specific, debt collection activities" determine whether they fall within the statutory definition of "debt collector." *Id* at 529. Thus, whether Buckley was only targeting Green's security interest in this particular case is not the sole determining factor. *Kaltenbach* rejected that type of narrow analysis in determining whether a defendant is a debt collector under the FDCPA. See also *Overton v. Foutty & Foutty, LLP,* No. 1:07-cv-0274-DFH-TAB, 2007 U.S. Dist. LEXIS 61705, 2007 WL 2413026, 4 (S.D. Ind. Aug. 21, 2007) (in determining whether party is debt collector, focus "is not on the events of the particular transaction but on the principal purpose of the defendant's business and/or the defendant's regular activities") (citing *Kaltenbach*).

The *Kaltenbach* case dealt with a defendant who claimed that its primary business was the enforcement of security interests, similar to the argument Buckley now raises in this case. The Fifth Circuit held, however, that a party whose primary business is the enforcement of security interests **may still be liable for other FDCPA provisions if it also fits the general definition of a debt collector**. *Kaltenbach*, 464 F.3d at 528-29. The Court noted that an

individual who meets the general statutory definition of a debt collector "is a debt collector for purposes of the entire FDCPA." *Id*. at 529.

In reaching its holding, the *Kaltenbach* court rejected the interpretation of other courts that found that § 1692f(6) is the only section of the statute that regulates the enforcement of security interests. *Id*. at 528-29. The Court found that those courts:

> . . . fail to recognize that the entire FDCPA can apply to a party whose principal business is enforcing security interests but who nevertheless fits § 1692a(6)'s general definition of a debt collector. Instead, they posit that a party is a debt collector outside of § 1692f only if they were collecting a debt in the particular instance that gave rise to the dispute. See, e.g., Hulse, 195 F. Supp. 2d at 1204 (finding that because the instant case involved a foreclosure action, which did not meet the statutory definition of a "debt", defendants could not be debt collectors under the FDCPA outside of § 1692f). **This approach misconstrues § 1692a(6)'s method of defining the term.**

(Id. at 528-29.)(emphasis added.)

In analyzing *Kaltenbach*, there are numerous district court cases from this Circuit that have not applied the expansive interpretation that Buckley alludes to in its Response Brief. See, e.g. *Boles v. Moss Codilis, LLP*, 2011 U.S. Dist. LEXIS 71031, *9, 2011 WL 2618791 (W.D. Tex. July 1, 2011)(citing *Kaltenbach* and noting that "a party whose primary business is the enforcement of security interests may still be liable for other FDCPA provisions if it also fits the general definition of a debt collector");

In *Castrillo v. Am. Home Mortg. Servicing, Inc.*, 670 F. Supp. 2d 516 (E.D. La. 2009), the court addressed issues that are similar to this case. There, the court rejected the defendant's reliance on *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002), a case Buckley relies on in this case (Resp, p.5, n.1). The *Castrillo* court rejected the argument that foreclosure actions were not included in the definition of a "debt" under the FDCPA, and that creditors and attorneys who brought foreclosure proceedings were not "debt collectors," noting that "Hulse's reasoning has been expressly rejected by the Fifth Circuit." *Id*. at 525. See *Kaltenbach*, 464 F.3d at 528 (finding that Hulse "misconstrues § 1692a(6)'s method of defining" debt collector); *Wilson v. Draper & Goldberg, P.L.L.C.,* 443 F.3d 373, 376 (4th Cir. 2006) ("Defendant's argument, if accepted, would create an enormous loophole in the Act immunizing any debt from coverage if that debt happened to be secured by a real property interest and foreclosure proceedings were used to collect the debt. We see no reason to make an exception to the Act when the debt collector uses foreclosure instead of other methods.[1]").

In *Castrillo*, the court also noted that the alleged conduct went:

> . . . beyond simply initiating foreclosure proceedings. Counsel for Wells Fargo sent Castrillo a "Notice Pursuant to the Fair Debt Collection Practices Act" on January 20, 2009. (See R. Doc. 20-4, "Correspondence Between Plaintiff and Defendants".) As the letter itself states, "[t]his is an attempt to collect a debt" in the amount of $ 18,458.56. Id. Accordingly, defendants' reliance on Hulse is misplaced. (*Id* at 525)

---

[1] The *Wilson* court also noted that "Defendants cannot benefit from § 1692a(6)(F)(i)'s exception to the definition of 'debt collector' merely because they were trustees foreclosing on a property pursuant to a deed of trust." 443 F.3d at 378.

**REPLY BRIEF TO DEFENDANT'S RESPONSE
IN OPPOSITION TO PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**                                                                 **Page 4**

These cases make it clear that Buckley's conduct and intentions with respect to enforcement of the Green note and deed of trust are not the determining factor in deciding whether Buckley is a debt collector under the FDCPA. Neither is Buckley's insistence that it was only seeking to enforce a security interest in this case. (Resp, ¶23.). Under *Kaltenbach*, Buckley is liable under the general provisions of the FDCPA (§ 1692a(6)), if it also fits the general definition of a debt collector. See *Kaltenbach*, 464 F.3d at 528-29. As demonstrated below, Buckley meets that definition and is liable under the FDCPA.

**II.    ARGUMENT NO 2: Buckley's Case of *Fouche v. Shapiro & Massey, LLP* is Distinguishable.**

In its Response Brief, Buckley also relies on the case of *Fouche' v. Shapiro & Massey L.L.P.,* 575 F. Supp. 2d 776 (S.D. Miss. 2008). There, in determining whether the defendants (a law firm) were "debt collectors" under the FDCPA, the court looked to "*the general nature of their law practice." Id* at 785-86.  The court also noted that "[i]t is by now well established that attorneys who regularly engage in debt collection activities on behalf of their clients are 'debt collectors' subject to the requirements of the FDCPA. *Id* at 784.

In analyzing a supporting affidavit on behalf of the law firm and finding no FDCPA liability, the Court for the Southern District of Mississippi relied on the fact that that law practice did not involve the collection of the debt underlying the security interests, nor the collection of deficiency balances, and that that firm had not been requested by clients to do so in three or four years. *Id* at 784-75. The court in *Fouche'* concluded that the defendants were not debt collectors under the FDCPA, based on the aforementioned affidavit. *Id*. at 788.

In this case, the Buckley law practice is far more expansive than the defendant law firm in *Fouche'*, where 80% of its practice was enforcement of security interests and the remaining

20% was associated with representing lenders and servicers in bankruptcy proceedings. *Id*. at 784-75.

As set forth below, despite Buckley's best efforts to align itself with the holding in Fouche, Buckley's law practice is not nearly as limited, and the fact that it regularly conducts debt enforcement and collection litigation renders it a "debt collector" under the FDCPA.

### III.   ARGUMENT NO. 3:  Buckley's Activities Meet the Defintion of Debt Collector.

In further support of its claim that Buckley is not a debt collector, and in an attempt to bring this case within the framework of *Fouche'*, Buckley relies on an affidavit from Luke Madole, who is an attorney and shareholder in Buckley. (Resp, Ex. 3) In his effort to demonstrate that Buckley only seeks to enforce security interests (and not collect debts), Mr. Madole describes and focuses solely on his firm's law practice in Texas, omitting any details concerning his firm's activities outside this state. The reason for that omission is obvious, as Buckley is a national law firm with offices located in Texas, Arizona, California, Florida, Nevada, New Jersey, New York and Pennsylvania[2]. Its attorneys provide a wide range of debt

---

[2] See http://buckleymadole.com/contact-us **Green requests this Court take judicial notice of the Buckley Madole webpages cited in these footnotes**. See *Rivera v. Lake County*, 974 F Supp 2d 1179, 1187 (N.D. Ill. 2013)(taking judicial notice of document located at newspaper's website because its accuracy could be readily determined.); *Helen of Troy, L.P. v. Zotos Corp.*, 235 FRD 634, 639-40 (W.D. Tex 2006)(taking judicial notice of fact that urea was acid having very low pH, contained in website, pursuant to Fed. R. Evid. 201 because substance of assertion was not contested and fact was not subject to reasonable dispute.); *O'Toole v Northrop Grumman Corp.* (2007, CA10 NM) 499 F.3d 1218, 1224-25 (10th Cir. 2007)(finding judicial notice proper of actual earnings history of retirement fund on employer's website, where movant gave complete address for page to which employer's quarterly reports were linked, and contended that information should not be subject to dispute by employer because employer created it.)

collection services, including "Contested Foreclosure Litigation", "Suits on Note", and "Deficiency Actions.[3]"

In his affidavit, Mr. Madole states, "I cannot, for example, think of any instance in the, say, last two years where <u>BMPC's *Texas* practice</u> has included an attempt to collect a deficiency." (Resp, Ex. 3, ¶3)(emphasis added.). In arguing that it is not a debt collector, Buckley has attempted to narrow the scope of inquiry to only those activities Buckley performs in Texas, and over just the past couple of years. It cites no case law to support that type of narrow analysis, and the case law cited herein demonstrates that Buckley's attempts to limit the inquiry to a subsection of its overall practice should be rejected by the Court.

More specifically, the Fifth Circuit has specifically rejected the notion that a court should look to specific debt collection practices in determining whether a party meets the FDCPA definition of "debt collector." Rather, the proper inquiry should focus on the purpose of the defendant's business and/or the defendant's regular activities. See *Kaltenbach* at 529; *Overton* 2007 WL 2413026, at *4.

Additionally, there is documentary evidence in this case that demonstrates that with respect to the Green Note, Buckley was actually attempting to collect a debt, rather than just simply enforcing the Deed of Trust. For instance, in Buckley's January 25, 2011 demand letter to Ms. Green, Buckley stated that "the total amount required to cure the default under the note and deed of trust is $10,850.57 and the total amount required to payoff the debt is $306,884.00" (*See Appendix 1, Exhibit "E" to Green's Second Amended Complaint*, ¶1). The letter further states that ". . . should you choose to pay either of the amounts shown above, an adjustment may be

---

[3] See http://buckleymadole.com/solutions-services/foreclosure-related-litigation-services

necessary after your check is received in which event we will notify you **before the check is deposited for collection**." (*Id.*, ¶2)

These statements by Buckley, made during its initial communications to Green, indicate that Buckley was in fact attempting to collect a debt - and not just enforce a security interest. See *Wilson v. Draper & Goldberg, P.L.L.C.,* 443 F.3d 373, 377 (4th Cir. 2006)(a case relied on by Green in her underlying motion, where in the court held that, "[b]y sending a letter seeking payment of an amount to 'reinstate the above account' and directing Wilson to pay that amount by cashiers check, Defendants sought to collect [a debt].")

**IV.   ARGUMENT NO. 4:   Buckley's Citations to Ms. Green's Deposition Testimony, Concerning the Legal Issues in this Case, Do Not Support Buckley's Position.**

In addition to arguing that it is not a debt collector for purposes of § 1692a(6), Buckley also argues that Green was never "misled about the identity of her creditor," because she stated in her deposition that she received a coupon book from Chase and started making payments to Chase. (Resp., ¶34).

Buckley's argument misses the heart of Green's FDCPA claim, which is based on the fact that over the course of just a few weeks, Buckley first asserted that it represented Washington Mutual Bank, F.A., (*Appendix 1, Exhibit "E" to Green's Second Amended Complaint*), then asserted that it represented JPMorgan Chase (not Washington Mutual).(*Appendix 1, Exhibit "F" to Green's Second Amended Complaint*), and then represented that Buckley's client was Chase. (*Appendix 1, Exhibit "G" to Green's Second Amended Complaint.*)

Green's testimony is consistent with her position that she was misled. For example, if she had received a payment book from Chase and had made payments to Chase, it would be entirely

reasonable for an individual to be confused and misled after receiving a demand letter from attorneys who claim that a different entity (Washington Mutual) is seeking to foreclose on Green's property.

Further, Buckley's citations to Green's testimony concerning her entitlement to damages, and what damages she is seeking, do not advance Buckley's position on the pending motion for summary judgment (See Resp., ¶37-38).

A complete reading of the deposition cited by Buckley reveals that counsel for Buckley was questioning Green on what parties she was seeking punitive damages from, compared to what parties she was seeking actual damages from, which Ms. Green found confusing. Nowhere did Ms. Green admit that she sustained zero damages from Buckley in connection with her FDCPA claim. (See Buckley Ex. 4, page 117-118).

### V.    ARGUMENT NO. 5:  Buckley's Untimely Request for the Entry of Summary Judgment in Favor of Buckley Should be Rejected by this Court.

As a final matter, Green objects to, and requests this Court to deny, Buckley's request for the entry of summary judgment in its own favor. (See Resp., ¶39-40). Not only has this Court denied Green a similar request for relief in the past, since there was no actual motion for summary judgment before the Court[4] - Buckley's recent request for summary judgment is untimely and in violation of this Court's October 17, 2014 Scheduling Order. (Doc. 116) That Order mandated that all parties file any dispositive motions by January 15, 2015. (Doc. 116, ¶3(f)) Buckley failed to do so; failed to seek leave of court to extend that deadline; and, has

---

[4] See Order dated 8/18/2013 (Doc. 101), page 10, footnote 6, where in the Court held: "Green argues that the record supports summary judgment in favor of Green on this claim," but "[b]ecause she has not moved for summary judgment, however, the Court does not address this issue."

**REPLY BRIEF TO DEFENDANT'S RESPONSE
IN OPPOSITION TO PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**                                                                 **Page 9**

failed to show any good cause as to why its motion for summary judgment could not have been filed before the January 15, 2015 deadline.

For those reasons, Green respectfully requests the Court deny Buckley's request for summary judgment, requested for the first time in its Response to Green's own pending motion for summary judgment.

## CONCLUSION

In view of the foregoing, the Plaintiff respectfully requests that the Court enter summary judgment in Plaintiff's favor on her claims brought under the FDCPA (15 U.S.C. 1692e), and that the matter be scheduled for a hearing to determine the amount of Plaintiff's damages.

Respectfully Submitted,

 */s/ Carl D. Hughes, Jr.*
Carl D. Hughes, Jr.
Texas State Bar No. 10209000

**CARL HUGHES, P.C.**
P. O. Box 610326
Dallas, Texas 75261-0326
Telephone: (214) 761-9342
Facsimile: 1-888-247-1127
Email: carlhughes@aol.com

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was served upon all attorney of record, via the clerk of the U. S. District Court, Northern District of Texas, using the electronic case filing system of the court, on this the 12th day of March 2015.

 */s/ Carl D. Hughes, Jr.*
Carl D. Hughes, Jr.