IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ZAN E. GREEN, | § |
| | § |
| Plaintiff, | § |
| | § |
| V. | §   No. 3:11-cv-1498-N-BN |
| | § |
| BRICE, VANDER LINDEN & | § |
| WERNICK, P.C., | § |
| | § |
| Defendants. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Zan Green has filed a Motion for Partial Summary Judgment, seeking summary judgment in her favor as to the alleged liability of Defendant Brice, Vander Linden & Wernick, P.C. now known as Buckley Madole, P.C. ("BVW" or "BMPC" or "Buckley") on Plaintiff's sole remaining claim that BVW violated the Fair Debt Collection Practices Act ("FDCPA"), and specifically 15 U.S.C. § 1692e(10), by allegedly making a false and misleading attempt to collect a debt that BVW did not have the authority to collect. *See* Dkt. No. 120. BVW filed a response and Cross-Motion for Summary Judgment, asking the Court to deny Plaintiff's summary judgment motion, order that BVW is entitled to judgment as a matter of law on this claim, and enter a take-nothing judgment. *See* Dkt. No. 122. Plaintiff filed a reply in support of her motion and a response to BVW's cross-motion. *See* Dkt. No. 129. BVW did not file a reply in support of its Cross-Motion for Summary Judgment, and its time to do so has passed.

For the reasons explained below, the Court should deny Plaintiff's Motion for Partial Summary Judgment [Dkt. No. 120] and BVW's Cross-Motion for Summary Judgment [Dkt. No. 122].

**Background**

The parties are familiar with the underlying facts of this dispute, which the Court has recounted elsewhere. *See* Dkt. No. 79; Dkt. No. 101. The Court has previously explained the facts relevant to Plaintiff's remaining FDCPA claim against BVW:

> BVW was retained by Defendant JPMorgan Chase ("JPMC"), as successor in interest to Washington Mutual Bank, F.A. ("WaMu"). JPMC, the mortgagee by assignment of Green's house (the "Property"), retained BVW to carry out a nonjudicial foreclosure sale on the Property. BVW sent several letters to Green regarding the foreclosure proceedings. In a letter dated January 25, 2011, BVW stated that it represented WaMu, which was, according to BVW, either the mortgagee or the mortgage servicer of Green's mortgage at that time. Def.'s App. Supp. Mot. Summ. J. [83-1] [hereinafter Def.'s App.], at 12. On February 4, BVW sent Green another letter stating that it represented JPMC. *Id.* at 4. In a third letter, BVW identifies Green's loan by its "Chase Loan Number." *Id.* at 34. In the same mailing, however, BVW also asserted that its client was WaMu. *Id.* at 41.
>
> Green obtained a temporary restraining order preventing BVW from carrying out the foreclosure sale. In her amended complaint, she accuses BVW of violating the Fair Debt Collection Practices Act ("FDCPA") and of negligence. She also seeks to quiet title and requests declaratory and injunctive relief. The Court previously granted summary judgment to JPMC and several other defendants. See Order, Apr. 8, 2013. Green has appealed that order, and the appeal is currently pending before the Fifth Circuit.

Dkt. No. 101 at 1-2 (footnote omitted). The Court granted summary judgment to BVW on Plaintiff's claims for quiet title, negligence, declaratory relief, and injunctive relief but denied summary judgment to both Plaintiff (who had not actually moved for

summary judgment) and to BVW on Plaintiff's FDCPA claim under Section 1692e(10). *See id.* at 13; *see also* Dkt. No. 106 at 4 (ordering, on a motion for reconsideration, that, "[b]ecause Green has not shown that she is entitled to summary judgment, Court declines to modify its earlier judgment regarding Green's FDCPA claim"). As to Plaintiff's FDCPA claim, the Court explained:

> Green's FDCPA claim is based on the three letters BVW sent her. In the first, BVW stated that it represented WaMu; a week later, it stated in the second that it represented JPMC. Still later, BVW sent a letter identifying Green's creditor as JPMC but also indicating that BVW's client was WaMu. Green asserts that the first and third letters misrepresented the identity of Green's creditor and that this misrepresentation violates the FDCPA. The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. That section further specifies that a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* § 1629e(10). The FDCPA is a strict liability statute. *Walker v. Pharia, LLC*, No. 4:09-CV-369-Y, 2010 WL 565654, at *3 (N.D. Tex. Feb. 18, 2010) (citing Ross v. *RJM Acquisitions Funding LLC*, 480 F.3d 493, 495 (7th Cir. 2007)).
>
> Courts in this Circuit analyze potential deception "under an unsophisticated or least sophisticated consumer standard." *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 495 (5th Cir. 2004). That is, the Court "must assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *See id.*
>
> BVW challenges Green's claim on two grounds. First, it argues that Green "fails to allege that BVW is a debt collector" as required by FDCPA. Def.'s Br. Supp. Mot. Summ. J. [83] ¶ 24.4 A debt collector is, in relevant part, "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). BVW's own appendix includes a letter from BVW to Green stating, in all caps, that "WE ARE A DEBT COLLECTOR." Def.'s App. 34. As the parties do not address this issue in any further depth, the Court determines that this evidence is sufficient to allow Green's FDCPA claim to survive summary judgment at this

point.

      Second, Green argues that Green "does not allege any false, deceptive or misleading representation specifically against BVW." Def.'s Br. ¶ 25. The summary judgment record on regarding this claim is decidedly thin. It indicates that BVW told Green on at least two occasions that the creditor it was attempting to collect a debt and that the creditor it represented was WaMu. Green asserts in its briefing that WaMu did not exist at the time BVW said it represented WaMu, but she has introduced no summary judgment evidence on that point. Likewise, BVW has pointed to no summary judgment evidence that it did indeed represent WaMu when it claimed to do so. Several courts across the country have determined that "a clearly false representation of the creditor's name may constitute a 'false representation ... to collect or attempt to collect any debt' under Section 1692e." *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 327 (6th Cir. 2012) (quoting 15 U.S.C. § 1692); *see also Hepsen v. J.C. Christensen & Assocs., Inc.*, No. 8:07-CV-1935-T-EAJ, 2009 WL 3064865, at *5 (M.D. Fla. Sept. 22, 2009); *Blarek v. Encore Receivable Mgmt., Inc.*, No. 06-C-0420, 2007 WL 984096, at *15 (E.D. Wis. Mar. 27, 2007). The Court agrees. A debt collector who misidentifies a creditor has used a false representation in connection with the collection of a debt under the plain text of the FDCPA. In the absence of a more developed evidentiary record, the Court cannot conclude that BVW is entitled to summary judgment on this claim. The Court therefore denies BVW's motion as to Green's claim under section 1692e(10).

Dkt. No. 101 at 8-10 (footnotes omitted). But the Court also granted BVW's summary judgment "motion as to any FDCPA claims other than the one addressed above." *Id.* at 10 n.7.

      The United States Court of Appeals for the Fifth Circuit later affirmed the Court's order granting summary judgment to JPMC and several other defendants, and the United States Supreme Court denied certiorari. *See* Dkt. Nos. 109, 110, & 115.

      Accordingly, all that remains in this case is Plaintiff's single FDCPA claim under Section 1692e(10) against BVW, as to which both parties have now filed summary judgment motions.

**Legal Standards**

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Id.*; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc). The Court is required to view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if both parties have introduced evidence showing that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*,

140 F.3d at 625.

"Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment,"*Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075. Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). If, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g., Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

On cross-motions for summary judgment, the Court reviews each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party. *See Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001); *Jonathan C. v. Hawkins*, No. 9:05-cv-43, 2006 WL 3498494, at *5 (E.D. Tex. Dec. 5. 2006).

**Analysis**

<u>BVW's Cross-Motion for Summary Judgment should be denied as untimely.</u>

BVW filed its Cross-Motion for Summary Judgment on February 5, 2015 in combination with its response to Plaintiff's Motion for Partial Summary Judgment. *See* Dkt. No. 122. Plaintiff's Motion for Partial Summary Judgment was her first summary

judgment motion, but BVW's Cross-Motion for Summary Judgment is the second summary judgment motion that BVW has filed to challenge this particular claim. *See* Dkt. No. 82. As explained above, the Court previously denied summary judgment to BVW on Plaintiff's single remaining FDCPA claim under Section 1692e(10). *See* Dkt. No. 101 at 8-10.

BVW's Cross-Motion for Summary Judgment is untimely under the Court's October 17, 2014 Scheduling Order, which requires that "all dispositive motions must be filed" "on or before January 15, 2015." Dkt. No. 116 at 2. The Scheduling Order does not make any exceptions for cross-motions and advises that "[m]otions may become moot due to trial if filed after the deadline in this Order." *Id.* And Northern District of Texas Local Civil Rule 56.2(b) provides that, "[u]nless otherwise directed by the presiding judge, or permitted by law, a party may file no more than one motion for summary judgment." Even if the Court's October 17, 2014 Scheduling Order may be read to implicitly grant BVW leave to file a second summary judgment motion, the Scheduling Order did so only if BVW filed its motion by January 15, 2015. BVW's filing its Cross-Motion for Summary Judgment weeks after that deadline therefore violates the Court's scheduling order if not also Local Civil Rule 56.2(b)'s restriction.

Federal Rule of Civil Procedure 16(b) provides that, once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b). Rule 16(b) "requires a party 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (quoting *S&W Enters.,*

*LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). In this context, the Court considers the following factors as to good cause: (1) the explanation for failing to timely move for summary judgment; (2) the importance of the motion; (3) potential prejudice in allowing the motion; and (4) the availability of a continuance to cure such prejudice. *See id.*

BVW's combined response and cross-motion and its brief in support offer no explanation for why BVW did not file a summary judgment motion by the January 15, 2015 deadline or, for that matter, acknowledge that BVW failed to do so or explain how or why BVW should be allowed to file a second summary judgment motion challenging the same claim. Rather, BVW states only that, "since the issue of whether the FDCPA applies to a defendant is a legal question, BMPC also requests that the Court treat this response as a cross motion for summary judgment." Dkt. No. 123 at 3. But the issue on which BVW seeks summary judgment in its favor is not a pure question of law but, rather, turns on factual matters specific to BVW. *See Hester v. Graham, Bright & Smith, P.C.*, 289 F. App'x 35, 41 (5th Cir. 2008) ("Attorneys qualify as debt collectors for purposes of the FDCPA when they regularly engage in consumer debt collection, such as litigation on behalf of a creditor client. A person may 'regularly' collect debts even if debt collection is not the principal purpose of his business. [I]f the volume of a person's debt collection services is great enough, it is irrelevant that these services only amount to a small fraction of his total business activity.... Whether a party 'regularly' attempts to collect debts is determined, of course, by the volume or frequency of its debt-collection activities. However, no bright-line rule identifies when an attorney or

law firm 'regularly' collects or attempts to collect debts, so courts must make this determination on a case-by-case basis.") (internal quotation marks and citations omitted)); *Brown v. Morris*, 243 F. App'x 31, 35 (5th Cir. 2007) ("Whether a party 'regularly' attempts to collect debts is determined, of course, by the volume or frequency of its debt-collection activities."); *Kaltenbach v. Richards*, 464 F.3d 524, 529 (5th Cir. 2006) (holding that "a party's general, not specific, debt collection activities are determinative of whether they meet the statutory definition of a debt collector"). And, in any event, the Court's dispositive motion deadline makes no exception for cross-motions or for dispositive motions based on purely legal questions or, for that matter, mixed questions of law and fact.

For its part, Plaintiff objects that BVW's most "recent request for summary judgment is untimely and in violation of this Court's October 17, 2014 Scheduling Order" and asks the Court to deny it for that reason alone. Dkt. No. 129 at 9. BVW has not filed a reply to this objection or in support of its Cross-Motion for Summary Judgment, and, as noted above, its time to do so has passed.

BVW has not shown that it could not have filed its summary judgment motion by the January 15, 2015 deadline and has offered no explanation for its failure to timely move for summary judgment. Under the circumstances, the Court should deny BVW's Cross-Motion for Summary Judgment [Dkt. No. 122] for violating the Court's October 17, 2014 Scheduling Order.

<u>Plaintiff's Motion for Partial Summary Judgment should also be denied.</u>

Plaintiff's summary judgment motion asserts that she "is entitled to partial

summary judgment against Defendant Buckley, because: a. The Defendant, Buckley, is liable under the FDCPA (15 U.S.C. 1692e), due to the misleading statements Buckley made concerning the identity of Plaintiff's creditor" and "requests this Court enter summary judgment in Plaintiff's favor on her claims brought under the FDCPA (15 U.S.C. 1692e), [and] that the matter be scheduled for a hearing to determine the amount of Plaintiff's damages." Dkt. No. 120 at 1-2.

Plaintiff notes that the "Court previously denied Buckley's motion for summary judgment on this claim, finding that a 'debt collector who misidentifies a creditor has used a false representation in connection with the collection of a debt under the plain text of the FDCPA.'" Dkt. No. 121 at 2 (quoting Dkt. No. 101 at 10). In support of her request for summary judgment in her favor on her Section 1692e(10) claim, Plaintiff points to the following as undisputed material facts:

> On January 25, 2011, February 4, 2011 and February 23, 2011, Buckley sent the Plaintiff three separate demand/notice letters, in which Buckley provided conflicting and confusing information concerning the identity of the creditor seeking past due mortgage amounts, as well as conflicting information concerning whether Buckley was acting as a debt collector and attempting to collect a debt.
> On January 25, 2011, Buckley sent Green a written demand letter in which Buckley asserted that it represented Washington Mutual Bank, F.A., an entity that was defunct at the time and under FDIC receivership. (Appendix 1, Exhibit "E" to Green's Second Amended Complaint.)
> On February 4, 2011, Buckley sent the Plaintiff another demand letter, which asserts that Buckley represented JPMorgan Chase (not Washington Mutual). (Appendix 1, Exhibit "F" to Green's Second Amended Complaint.)
> On February 23, 2011, Buckley sent the Plaintiff another demand letter, which contains a "Chase Loan Number," and requests the loan payout be made to "Chase." (Appendix 1, Exhibit "G" to Green's Second Amended Complaint.)
> Green contends these notices were in clear violation of the FDCPA,

because Buckley provided conflicting and confusing information concerning the identity of the "creditor" and whether Buckley was acting as a debt collector and attempting to collect a debt.

*Id.* at 3-4. Plaintiff contends that "[t]he undisputed facts in this case, together with applicable case law, demonstrate that summary judgment against Defendant Buckley is proper, based on its false representation of the creditor's actual identity." *Id.* at 4. Plaintiff asserts that, "[u]nder the strict liability framework, proof of a single FDCPA violation is sufficient to support summary judgment for the plaintiff." *Id.* at 6.

But, as explained above, on Plaintiff's motion for summary judgment on her own claim, Plaintiff must meet the heavy burden to establish beyond peradventure all of the essential elements of her claim, which requires her to demonstrate that there are no genuine and material fact disputes and that she is entitled to summary judgment as a matter of law, even drawing all reasonable inferences in BVW's favor.

The Court has previously laid out the basic law governing Plaintiff's Section 1692e(10) against BVW:

> The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. That section further specifies that a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* § 1629e(10). The FDCPA is a strict liability statute. *Walker v. Pharia, LLC*, No. 4:09-CV-369-Y, 2010 WL 565654, at *3 (N.D. Tex. Feb. 18, 2010) (citing Ross v. *RJM Acquisitions Funding LLC*, 480 F.3d 493, 495 (7th Cir. 2007)).
> 
>   Courts in this Circuit analyze potential deception "under an unsophisticated or least sophisticated consumer standard." *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 495 (5th Cir. 2004). That is, the Court "must assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *See id.*
>   ....

> A debt collector is, in relevant part, "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).
>
> ....
>
> Several courts across the country have determined that "a clearly false representation of the creditor's name may constitute a 'false representation ... to collect or attempt to collect any debt' under Section 1692e." *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 327 (6th Cir. 2012) (quoting 15 U.S.C. § 1692); *see also Hepsen v. J.C. Christensen & Assocs., Inc.*, No. 8:07-CV-1935-T-EAJ, 2009 WL 3064865, at *5 (M.D. Fla. Sept. 22, 2009); *Blarek v. Encore Receivable Mgmt., Inc.*, No. 06-C-0420, 2007 WL 984096, at *15 (E.D. Wis. Mar. 27, 2007). The Court agrees. A debt collector who misidentifies a creditor has used a false representation in connection with the collection of a debt under the plain text of the FDCPA.

Dkt. No. 101 at 8-10 (footnotes omitted). And, on the issue of whether BVW qualifies as a debt collector, the Court previously concluded that, where "BVW's own appendix includes a letter from BVW to Green stating, in all caps, that 'WE ARE A DEBT COLLECTOR,'" and where "the parties [did] not address this issue in any further depth, the Court determines that this evidence is sufficient to allow Green's FDCPA claim to survive summary judgment at this point." *Id.* at 9.

Against this framework, Plaintiff has not met her heavy burden to demonstrate that she is entitled to summary judgment in her favor as to BVW's liability on Plaintiff's FDCPA claim. Plaintiff's Motion for Partial Summary Judgment does not address the issue of whether BVW qualifies as a "debt collector" subject to liability under Section 1629e(10). In response to Plaintiff's motion, BVW notes that "15 U.S.C. § 1692a(6) defines a 'debt collector' as 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the

collection of any debts, or who regularly collects or attempts to collect, ... debts owed or due or asserted to be owed or due another'" and that "[t]he last sentence of the paragraph ... distinguishes debt collection from security interest enforcement" and "also restricts security interest enforcement to [15 U.S.C. §]1692f," where "[i]t states as follows: 'For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.'" Dkt. No. 123 at 5 (quoting 15 U.S.C. § 1692a(6)). Citing *Kaltenbach v. Richards*, 464 F.3d 524 (5th Cir. 2006), BVW asserts that "the Fifth Circuit has looked at the language in section 1692a(6) and held that the addition of the sentence regarding enforcement of security interests means that any person that is attempting to enforce a security interest is only a debt collector as to section 1692f(6), and not under any other section." *Id.* at 5-6.

In fact, in *Kaltenbach*, the Fifth Circuit held that "by the plain language of the statute" – specifically 15 U.S.C. § 1692a(6) – "a person whose business has the principal purpose of enforcing security interests but who does not otherwise satisfy the definition of a debt collector is subject only to [15 U.S.C.] § 1692f(6)." 464 F.3d at 527. And the Fifth Circuit made clear that a defendant can be subject to liability under sections of the FDCPA other than Section 1692f(6) "if he satisfies the general definition of a debt collector, even though he was merely enforcing a security interest in his dealings with" the plaintiff, explaining that, "[w]hether a debt collector's specific action qualifies as the collection of a debt may or may not be relevant when determining

whether the party must comply with other, specific substantive requirements of the FDCPA, but that is a separate inquiry from whether the party meets the general statutory definition of a debt collector." *Id.* at 527, 529 (footnote omitted). The Court of Appeals held that "that the entire FDCPA can apply to a party whose principal business is enforcing security interests but who nevertheless fits § 1692a(6)'s general definition of a debt collector"; that, under Section 1692a(6), "a party's general, not specific, debt collection activities are determinative of whether they meet the statutory definition of a debt collector"; and "that a party who satisfies § 1692a(6)'s general definition of a 'debt collector' is a debt collector for the purposes of the entire FDCPA even when enforcing security interests." *Id.* at 528-29. The Fifth Circuit has further explained that "[w]hether a party 'regularly' attempts to collect debts is determined, of course, by the volume or frequency of its debt-collection activities" and "has at least implicitly recognized that a foreclosure is not *per se* FDCPA debt collection." *Brown v. Morris*, 243 F. App'x 31, 35 (5th Cir. 2007).

Even if the summary judgment evidence in the record would be sufficient to permit a reasonable trier of fact to return a verdict for Plaintiff on her Section 1629e(10) claim in the face of the requirement to show that BVW is a "debt collector" subject to the FDCPA and, drawing inferences in Plaintiff's favor, to preclude summary judgment against Plaintiff on her claim, Plaintiff has not met her heavy burden to demonstrate that there are no genuine and material fact disputes as to BVW's alleged liability under Section 1629e(10) and that Plaintiff is entitled to summary judgment in her favor as a matter of law, where the Court must, on Plaintiff's motion, draw all

reasonable inferences in BVW's favor. Faced with, among other evidence, the Affidavit of Luke Madole [Dkt. No.124-3], Plaintiff has not established beyond peradventure that BVW's business's principal purpose is the collection of debts or that, based on BVW's general debt collection activities, BVW regularly collects or attempts to collect debts, as determined by the volume or frequency of its alleged debt-collection activities. *See Hester*, 289 F. App'x at 41; *Brown*, 243 F. App'x at 35; *Kaltenbach*, 464 F.3d at 528-29. In short, Plaintiff has not shown that there is no genuine dispute of material fact as to whether BVW is a "debt collector" as defined by Section 1692a(6) subject to liability under Section 1692e(10).

This alone forecloses granting partial summary judgment on the Section 1629e(10) claim to Plaintiff, who, to prevail on her motion, must establish beyond peradventure all of the essential elements of her FDCPA claim. Accordingly, the Court should deny Plaintiff's Motion for Partial Summary Judgment because Plaintiff has failed to establish beyond peradventure the threshold requirement that BVW is a "debt collector" as defined by 1692a(6).

**Recommendation**

The Court should deny Plaintiff's Motion for Partial Summary Judgment [Dkt. No. 120] and BVW's Cross-Motion for Summary Judgment [Dkt. No. 122].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 20, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE